UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

MARIO LAFERTE, and other similarly )
situated individuals, )
                                                             )
              Plaintiffs, )
                                                             )
v. )
                                                            )
MURPHY PAINTERS, INC. and GERALD )
MURPHY, )
                                                            )
              Defendants. )
_____)

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, MARIO LAFERTE, and other similarly situated individuals, sue the Defendants, MURPHY PAINTERS, INC. and GERALD MURPHY, and allege:

1. This is an action to recover money damages for unpaid overtime wages and for retaliation under the laws of the United States, and for retaliation under Florida Statutes Section 440.205. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Court has supplemental jurisdiction over the state law claim for retaliatory discharge because the facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

3. Plaintiff, MARIO LAFERTE ("LAFERTE" or "Plaintiff"), is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. LAFERTE is a covered employee for purposes of the Act.

4. Defendants, MURPHY PAINTERS, INC. ("Painters") and GERALD MURPHY ("MURPHY") (collectively the "Defendants"), are a Florida Profit corporation and a Florida resident, respectively, having their main place of business in Broward County, Florida, and at all times material hereto were and are engaged in interstate commerce. MURPHY, upon information and belief, lives in Broward County, Florida.

5. Painters is an enterprise owned or controlled by MURPHY.

6. Painters is under the administration and control of MURPHY.

### COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *LAFERTE* AGAINST *PAINTERS*

7. LAFERTE re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

8. This action is brought by LAFERTE, and those similarly situated, to recover from Painters unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Painters is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, Painters operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Painters obtains and solicits funds from

non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Painters was at all times material hereto in excess of $500,000.00 per annum, and/or LAFERTE, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, Painters is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or LAFERTE, and those similarly situated, was engaged in interstate commerce for Painters. Painters' business activities involve those to which the Act applies. Painters is a painting and construction company and, through its business activity, affects interstate commerce. LAFERTE's work for Painters likewise affects interstate commerce. LAFERTE was employed by Painters as a painter and driver for Painters' business.

11. While employed by Painters, LAFERTE routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. LAFERTE was employed as a painter and driver, performing the same or similar duties as that of those other similarly situated painters and drivers who LAFERTE observed worked in excess of 40 hours per week without overtime compensation.

12. LAFERTE was paid approximately $14 per hour by Defendants.

13. However, from approximately June of 2016 through October of 2016, Painters required Plaintiff to travel daily (approximately 2 hours per day, 5 to 6 days per week) on special work assignments and to transport work materials and tools to and from jobsites. Painters did not

pay Plaintiff for this compensable travel time even though Painters paid other employees for this type of travel time. This travel time exceeded Laferte's 40-hour week and constituted compensable overtime.

14. Prior to the completion of discovery and to the best of LAFERTE's knowledge, at the time of the filing of this complaint, LAFERTE's good faith estimate of his unpaid wages is as follows:

   a. **Overtime Wages**
      i. $14 x 1.5 (overtime rate) x 10 (approximate weekly overtime) x 17 (compensable weeks) = $3,570

   b. **Liquidated Damages**: $3,570
   c. **Grand Total**: $7,140 plus reasonable attorney's fees[1].

15. At all times material hereto, Painters failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that LAFERTE, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Painters to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Painters who are and who were subject to the unlawful payroll practices and procedures of Painters and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

16. Painters knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing LAFERTE, and those similarly situated, these overtime wages since the commencement of LAFERTE's, and those similarly situated employees' employment with Painters as set forth above, and LAFERTE, and those

---

[1] Subject to discovery, Plaintiff reserves the right to make a claim for gas and mileage expenses, for which the Defendants never reimbursed Plaintiff. These expenses constituted illegal deductions to Plaintiff's wages.

similarly situated, are entitled to recover double damages. Painters never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

17. Painters willfully and intentionally refused to pay LAFERTE overtime wages as required by the law of the United States as set forth above and remains owing LAFERTE these overtime wages since the commencement of LAFERTE's employment with Painters as set forth above.

18. Painters willfully and intentionally failed to keep records of all hours worked by LAFERTE and of all payments made to LAFERTE pursuant to the Act and the Code of Federal Regulations.

19. LAFERTE has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, LAFERTE, and those similarly situated, request that this Honorable Court:

A. Enter judgment for LAFERTE, and other similarly situated, and against Painters on the basis of Painters' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award LAFERTE actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award LAFERTE an equal amount in double damages/liquidated damages; and

D. Award LAFERTE reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

LAFERTE, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *LAFERTE* AGAINST *MURPHY*

20. LAFERTE re-adopts each and every factual allegation as stated in paragraphs 1 through 19 above as if set out in full herein.

21. At the times mentioned, MURPHY was, and is now, the President/Officer/Director and/or owner of Painters. MURPHY was an employer of LAFERTE and others similarly situated within the meaning of Section 3(d) of the Act in that MURPHY acted directly in the interests of Painters in relation to its employees, including LAFERTE and others similarly situated. MURPHY had operational control of the business and is jointly and severally liable for LAFERTE's damages.

22. MURPHY was and is, at all times relevant, a person in control of Painters' financial affairs and can cause Painters to compensate (or not to compensate) its employees in accordance with the Act.

23. MURPHY willfully and intentionally caused LAFERTE not to receive overtime compensation as required by the law of the United States as set forth above and remain owing LAFERTE these overtime wages since the commencement of LAFERTE's employment with Painters as set forth above.

24. LAFERTE has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, LAFERTE, and those similarly situated, request that this Honorable Court:

A. Enter judgment for LAFERTE, and other similarly situated, and against MURPHY on the basis of MURPHY' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award LAFERTE actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award LAFERTE an equal amount in double damages/liquidated damages; and

D. Award LAFERTE reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

LAFERTE and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST *PAINTERS*

25. LAFERTE re-adopts each and every factual allegation as stated in paragraphs 1 through 24 above as if set out in full herein.

26. Painters willfully and intentionally refused to pay LAFERTE his legally owed wages as required by the laws of the United States and remain owing LAFERTE these wages as set forth above.

27. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

28. On or about October of 2016, Plaintiff complained that he needed to get paid overtime for his compensable travel time incurred from June 2016 through October 2016.

29. In response, Painters fired Plaintiff on or about January 30, 2017.

30. One of the motivating factors, which caused Plaintiff's termination as described above, was his demand or complaint seeking the payment of overtime wages from the Defendant.

31. Alternatively, LAFERTE would not have been terminated but for his complaint about unpaid overtime wages.

32. Painters' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, LAFERTE requests that this Honorable Court:

A. Enter a judgment against Painters for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting Painters from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

### COUNT IV: RETALIATORY DISCHARGE UNDER
### 440.205, FLORIDA STATUTES (PAINTERS ONLY)

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

34. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

35. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

36. The Defendant is a Florida corporation duly organized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

37. The acts or omissions giving rise to this complaint occurred in whole or in part in Broward County, Florida.

38. All conditions precedent to bringing this action have occurred, been performed or been excused.

39. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

40. At all times relevant, Plaintiff was employed by the Defendant as a painter and driver.

41. On or about December of 2016 and again during the first week of 2017, Laferte complained about a work-related injury to his left hand and requested worker's compensation benefits.

42. The injury alleged above required medical treatment.

43. The Defendant refused to provide Plaintiff with any medical treatment.

44. Instead, the Defendant constructively fired Plaintiff by telling Plaintiff that it did not have a job for him and by offering Plaintiff a job that Defendant knew or should have known Plaintiff could not and would not take.

45. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation or benefits under the Workers' Compensation Law, as Plaintiff was entitled to do.

46. One of the motivating factors that caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

47. Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

48. The Defendant's act of discharging of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

49. By reason of Defendant's wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

50. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant Painters for all back wages from the date of discharge and all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: February 21, 2017.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire

Fla. Bar No.: 0640166  
Email: msaenz@saenzanderson.com  
SAENZ & ANDERSON, PLLC  
20900 N.E. 30th Avenue, Ste. 800  
Aventura, Florida 33180  
Telephone: (305) 503.5131  
Facsimile: (888) 270.5549