UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIO LAFERTE

Plaintiff(s),                                          CASE NO: 0:17-cv-60376-BB

vs.

MURPHY PAINTERS, INC, and
GERALD MURPHY

    Defendants.
_____/

**DEFENDANTS, MURPHY PAINTERS, INC. AND GERALD MURPHY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Murphy Painters, Inc. ("Murphy Painters"), and Gerald Murphy ("Mr. Murphy"), by and through undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

1. Defendants admit that Plaintiff purports to bring a claim under the Fair Labor Standards Act 29 U.S.C. §§ 201–219 (FLSA) and that the Court has jurisdiction over the claims asserted, however, it is denied that Plaintiff is entitled to any relief in this matter.

2. Defendant Murphy Painters admit that Plaintiff purports to bring a claim under Section 440.205, Florida Statutes and that the Court has supplemental jurisdiction over the claim asserted, however, it is denied that Plaintiff is entitled to any relief in this matter.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 and it is therefore denied.

4. Admitted.

5. Admitted that Murphy Painters is owned by Mr. Murphy.

6. Plaintiff has failed to define the term "under the administration and control" contained in Paragraph 6, and it is therefore denied.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY LAFERTE AGAINST MURPHY PAINTERS

7. Defendants re-allege and incorporate by reference all answers to Paragraphs 1-6 above as if fully set forth herein.

8. Defendants admit that Plaintiff purports to bring a claim for unpaid overtime wages under the FLSA, however, Defendants deny that Plaintiff is entitled to any relief and further denies that Plaintiff is entitled to assert a collection action on behalf of other similarly situated employees.

9. Defendants admit that Plaintiff purports to bring a claim under the FLSA and that the Court has jurisdiction over the claims asserted, however, it is denied that Plaintiff is entitled to any relief in this matter.

10. Defendants admit that it is subject to the requirements of the FLSA and that the Court has jurisdiction over Plaintiff's FLSA claims, however, Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 10 and it is therefore denied. Moreover, §§ 3(r) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) speak for itself and it is therefore denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 and it is therefore denied.

In response to the WHEREFORE Paragraph following Paragraph 19 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY LAFERTE AGAINST MR. MURPHY

20. Defendants re-allege and incorporate by reference all answers to Paragraphs 1-19 above as if fully set forth herein.

21. Mr. Murphy admits that he was, and is now, the owner of Murphy Painters. Defendant denies the remaining allegations contained in Paragraph 21.

22. Admitted.

23. Denied.

24. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 and it is therefore denied.

In response to the WHEREFORE Paragraph following Paragraph 24 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein.

## COUNT III FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215(a)(3) RETALIATORY DISCHARGE AGAINST MURPHY PAINTERS

25. Defendant Murphy Painters re-allege and incorporate by reference all answers to Paragraphs 1-24 above as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

In response to the WHEREFORE Paragraph following Paragraph 24 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein.

## COUNT IV: RETALIATORY DISCHARGE UNDER 440.205, FLORIDA STATUTES AGAINST MURPHY PAINTERS

33. Defendant Murphy Painters re-allege and incorporate by reference all answers to Paragraphs 1-6 above as if fully set forth herein.

34. Defendant Murphy Painters admit that Plaintiff purports to bring a claim under Section 440.205, Florida Statutes, however, it is denied that Plaintiff is entitled to any relief in this matter.

35. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 35 and it is therefore denied.

36. Admitted.

37. Admitted.

38. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 and it is therefore denied.

39. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 39 and it is therefore denied.

40. Admitted.

41. Denied.

42. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 and it is therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

In response to the WHEREFORE Paragraph following Paragraph 50 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein.

51. Defendants deny all allegations not specifically and expressly admitted by Defendants herein.

## AFFIRMATIVE DEFENSES

1. Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was de minimus as defined under the Fair Labor Standards Act 29 U.S.C. § 207(a)(1), and therefore, Plaintiff is not entitled to compensation.

2. If Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA.

3. Defendants asserts that the Plaintiff was not an employee engaged in commerce or the production of goods for commerce and, therefore, was not within the protected class of persons subject to the Fair Labor Standards Act at any time material hereto.

4. Defendants state that any of the Plaintiff's claims, arising two years prior to the date of the filing of the Complaint are barred by the statute of limitations as defined in the Portal to Portal Pay Act 29 U.S.C. § 255. Defendant further states that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendant was acting in good faith in reliance on and conformity with Portal to Portal Act, 29 U.S.C. § 255.

5. Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 255.

6. Defendants state that Plaintiff worked in a position that was exempt, based on the administrative, executive, and/or combination and/or highly compensated employee exemptions, and he is therefore exempt from the overtime provisions of the Fair Labor Standards Act.

7. Defendants state that Plaintiff's claims are barred, in whole or in part, to the extent they seek compensation in this action for anything other than compensable working time.

8. If Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith,

and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff, should any omission have occurred.

9. Plaintiff's Complaint, in whole or in part, fails to allege sufficient ultimate facts or state a claim upon which relief can be granted.

10. If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

11. The claims of the Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

12. All actions taken by Defendants with regard to the Plaintiff's employment were based upon legitimate business considerations.

13. Defendants are entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of the Plaintiff or otherwise available to him, including but not limited to unemployment compensation and/or workers' compensation benefits.

14. The Plaintiff has failed to mitigate his alleged losses, injuries or damages, and, therefore, Defendants are not responsible to the extent that Plaintiff could have mitigated his damages, and Plaintiff has barred or diminished his entitlement to damages, if any.

15. Plaintiff's claims may be barred to the extent that discovery shows he engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his separation if such conduct were then known to Defendants.

16. The Plaintiff cannot establish a causal connection between the alleged protected activity in Counts III or IV of the Complaint and any adverse employment action by Defendants against Plaintiff.

17. To the extent Plaintiff's claims are based on undeclared, invalid, dilatory or non-compensable workers' compensation injury and/or claim, he is not entitled to relief.

18. Plaintiff was an at-will employee and thus, his employment could be altered at any time with or without cause.

19. Defendants assert that all employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-retaliatory reasons, and were based upon reasonable factors other than any alleged protected activity under 29 U.S.C. 215(a)(3) or Section 440.205, Florida Statutes.

20. Defendants assert that, assuming Plaintiff's claims of retaliatory motivation are true (which Defendants expressly deny), Defendants would have made the same employment decisions with respect to Plaintiff even in the absence of such alleged discriminatory or retaliatory motivation.

21. Defendants assert that Plaintiff's entire Complaint is frivolous, vexatious, and without foundation, and is brought for the sole purpose of harassing Defendants. Accordingly, Defendants are entitled to costs and attorneys' fees pursuant to applicable state law.

Dated:   April 17, 2017

        Respectfully submitted,

By: <u>s/Gary N. Mansfield, Esq.</u>
    Fla. Bar. No. 61913
    Mansfield, Bronstein & Stone, LLP
    3440 Hollywood Blvd., Suite 450
    Hollywood, Florida 33021
    E-mail: litigation@mblawpa.com
    Telephone: 954-601-5600
    Facsimile:  954-961-4756

By: <u>s/Jonathan Minick, Esq.</u>
    Fla. Bar. No. 88743
    Jonathan Minick, PA
    1850 SW 8th Street, Suite 307
    Miami, Florida 33135
    E-mail: jminick@jsmlawpa.com
    Telephone: 786-441-8909
    Facsimile:  786-523-0610

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 17, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    <u>s/ Jonathan S. Minick</u>
    Jonathan S. Minick, Esq.

## **SERVICE LIST**

R. Martin Saenz, Esq.
FBN 0640166
E-mail: msaenz@saenzanderson.com
Vanessa Rae Underwood Steelman, Esq.
E-mail: VSteelman@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549
Attorneys for Plaintiff
Service via CM/ECF