# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-CIV-60376-BLOOM/Valle

MARIO LAFERTE,

      Plaintiff,

v.

MURPHY PAINTERS, INC.,
and GERALD MURPHY,

      Defendants.

_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Mario Laferte's ("Plaintiff")
Motion to Strike Defendants' Affirmative Defenses, ECF No. [27]. On May 5, 2017,
Plaintiff filed his Complaint, ECF No. [1], against Defendants Murphy Painters, Inc. and
Gerald Murphy (collectively, "Defendants"), the owner of Murphy Painters, Inc. The
Complaint asserts three claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.
§ 201 *et seq.*—including two wage and hour claims (Counts I-II) and a retaliatory
discharge claim (Count III)—and a retaliatory discharge claim under Fla. Stat. § 440.205
(Count IV). *See id.* Defendants filed their Answer and Affirmative Defenses, ECF No.
[22], on April 17, 2017. Plaintiff now moves to strike six of Defendants' twenty-one
affirmative defenses.

As background, the Complaint alleges that Plaintiff worked for Defendants as a
painter and a driver and, during his employment, "routinely worked in excess of 40 hours
per week without being compensated at a rate of not less than one and one half times the
regular rate at which he was employed." *Id.* at ¶ 11. More specifically, from June of 2016

to October of 2016, Defendants required Plaintiff "to travel daily (approximately 2 hours per day, 5 to 6 days per week) on special work assignments and to transport work materials" without paying Plaintiff for this "compensable travel time"—which exceeded Plaintiff's 40-hour work week. *Id.* at ¶ 13. Thereafter, in October of 2016, Plaintiff "complained that he needed to get paid overtime for his compensable travel time incurred from June 2016 through October 2016." *Id.* at ¶ 28. "In response, [Defendants] fired Plaintiff on or about January 30, 2017." *Id.* at ¶ 29.

## I. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.,* 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of*

*Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)[1]); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319; *see also* Fed. R. Civ. P. 12(f). "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d

---

[1] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503 at *1.

The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162 at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he

or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

## II. DISCUSSION

### A. Third Affirmative Defense

Defendants' Third Affirmative Defense asserts that the Plaintiff was not an employee engaged in commerce or the production of commerce and, thus, was not within the protected class of persons subject to the FLSA. Plaintiff moves to strike Defendants' Third Affirmative Defense because it sets forth mere conclusory statements and fails to sufficiently identify facts so as to properly put Plaintiff on notice of the specific defense alleged. Plaintiff further asserts the defense is a mere denial. Defendants respond that the request to strike the Third Affirmative Defense is premature as it is too early in the

litigation to determine if the defense is applicable, arguing that they are only required to give Plaintiff fair notice of the defenses and the grounds that those defenses rest upon. ECF No. [28] at 4 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In essence, Defendants' Third Affirmative Defense generally asserts that Plaintiff is not covered under the FLSA. Defendants, however, fail to identify the specific FLSA exemption that Plaintiff falls under. *See Morrison*, 434 F. Supp. 2d at 1319 ("Where a defendant *pleads generally that a plaintiff is not covered under the FLSA*, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense.") (citing *Schwind v. EW & Assocs., Inc.*, F. Supp. 2d 691, 697 (S.D.N.Y. 2005) (emphasis added)). As such, because Defendants' Third Affirmative Defense fails to identify the specific FLSA exemption that they believe Plaintiff should be categorized under, the Court strikes the Third Affirmative Defense without prejudice and with leave to amend to classify the particular FLSA exemption that is applicable.

### B. Ninth Affirmative Defense

Plaintiff moves to strike Defendants' Ninth Affirmative Defense—that Plaintiff's Complaint fails to allege sufficient ultimate facts or state a claim upon which relief can be granted—because it is a recital of Federal Rule of Civil Procedure 12(b)(6) and fails to notify Plaintiff of the insufficiencies in the Complaint. ECF No. [27] at 6 (citing *Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773 (S.D. Fla. Mar. 4, 2005)). Defendants respond by recognizing that failure to state a claim is not an appropriate defense, but nevertheless argue that the defense is more appropriately labeled (and should be treated as) a denial of Plaintiff's claim—whereby striking is not the appropriate remedy. ECF No. [28] at 9 (citing *Hansen v. ABC Liquors, Inc.*, 2009

WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009)). The Court agrees, and will, instead of striking the Ninth Affirmative Defense, treat it as a denial. *See Home Mgmt. Sols. Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (citing *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006)); *see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) ("The [] affirmative defense . . . that Premium Leisure has failed to state a claim. . . . is a denial of Premium Leisure's claim, rather than an affirmative defense. As such, the Court will treat it as a denial and not strike it.") (internal citation omitted).

### C.  Tenth and Thirteenth Affirmative Defense

Defendants' Tenth Affirmative Defense asserts that if Plaintiff is able to show a violation of the FLSA, Defendants are entitled to seek a set-off for paid but unearned wages. Defendants' Thirteenth Affirmative Defense asserts that Defendants are entitled to a set-off for any and all collateral sources or monies paid for the benefit of Plaintiff or otherwise available to him, including unemployment compensation and worker's compensation benefits. Plaintiff moves to strike Defendants' Tenth and Thirteenth Affirmative Defenses on the basis that a defense of a set-off is not allowed in cases involving unpaid wages under the FLSA. ECF No. [27] at 5 (citing *Nelson v. CK Nelson Inc., et al.*, 2008 WL 2323892 (S.D. Fla. June 2, 2008)). Defendants respond that the request to strike the Tenth and Thirteenth Affirmative Defenses is premature. Morevover, they argue that set-offs are permitted in FLSA matters if the set-off "will not cause a plaintiff's wages to dip below the statutory minimum" and that here, discovery is needed to determine if Plaintiff's wages would fall below the applicable statutory minimum wage. ECF No. [28] at 5 (citing *Dougan v. Armitage Plumbing, LLC*, 2011 WL 5983352,

at *2 (M.D. Fla. Nov. 14, 2011)). The Court agrees with Defendants, and therefore the Tenth and Thirteenth Affirmative Defensives will not be stricken.

As explained by a court in the Middle District of Florida, an affirmative defense of a set-off may be properly asserted in an FLSA case, so long as such a set-off does not reduce the amount a plaintiff can recover below the statutory minimum wage. *See Dougan*, 2011 WL 5983352, at *2 (M.D. Fla. Nov. 14, 2011); *see also King v. ITT Educational Servs. Inc.*, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009). The Southern District of Florida appears to take the same approach. *See Nelson*, 2008 WL 2323892, at *3 (recognizing that "the defense of set-offs is not barred in all FLSA cases," particularly where "the set-off . . . [does] not cause the employees' wages to fall below the statutory minimum wage") (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003), and *Morrison*, 434 F. Supp. 2d at 1321). As such, the Court denies Plaintiff's request to strike the Tenth and Thirteenth Affirmative Defenses to the extent that the set-offs will not lead to Plaintiff's wages to fall below the statutory minimum. Whether Plaintiff's wages will fall beneath the statutory minimum must be determined through discovery. Accordingly, Defendants' Tenth and Thirteenth Affirmative Defenses will not be stricken.

### D. Eleventh Affirmative Defense

Plaintiff moves to strike Defendants' Eleventh Affirmative Defense—that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence due to Plaintiff's failure to accurately report hours allegedly worked and/or Defendants' unawareness that Plaintiff worked the hours claimed—on the basis that "[w]aiver and

estoppel are not defenses allowed in FLSA cases . . . ."[2] ECF No. [27] at 5-6 9 (citing *Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422 (6th Cir. 1964)).

Defendants correctly respond that estoppel is a permissible affirmative defense in the Eleventh Circuit. ECF No. [28] at 6 (citing *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006)). In order for Plaintiff to recover under the FLSA, he must demonstrate "that (1) he worked overtime without compensation; and (2) the employer knew or should have known of Plaintiff's overtime work." *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC*, 725 F. Supp. 2d 1358, 1361-62 (S.D. Fla. 2010) (citing *Allen v. Board of Public Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007)). "Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan*, 2006 WL 1679592, at *2 (citing *Brumbelow v. Quality Mills, Inc.*, 492 F.2d 1324, 1327 (5th Cir. 1972), and finding that the defendant's assertion of the affirmative defense of estoppel and/or estoppel by silence—in that the plaintiff "failed to accurately report[] hours allegedly worked and/or [the] [d]efendant was unaware that [the] [p]laintiff . . . worked the hours claimed"—was permissible and sufficiently pled). Moreover, it is unknown at this point whether Defendants knew or should have known of Plaintiff's claimed

---

[2] The Court notes that although Plaintiff asserts that the defense of waiver is not permitted in FLSA cases, Defendants' Eleventh Affirmative Defense makes no mention of the defense of waiver and instead refers only to "the doctrine of estoppel and/or estoppel by silence." ECF No. [22] at 7, ¶ 11; *see generally* ECF No. [27] at 4 (Plaintiff citing to two different lines of cases in addressing the defense of waiver and the defense of estoppel separately).

overtime work, and so striking the estoppel defense would be premature. Accordingly, Defendants' Eleventh Affirmative Defense will not be stricken.

###    E.  Twenty-First Affirmative Defense

Plaintiff moves to strike Defendants' Twenty-First Affirmative Defense—that Plaintiff's entire complaint is frivolous, vexatious, and without foundation and that Defendants are entitled to costs and attorneys' fees—on the basis that Defendants cannot claim attorneys' fees in a FLSA action. ECF No. [27] at 6 (citing 29 U.S.C. § 26(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985)). Defendants respond, and correctly so, that Plaintiff's interpretation of *Kreager* is misplaced, arguing that attorneys' fees can be awarded to a FLSA defendant in certain circumstances. ECF No. [28] at 7-8.

As the Eleventh Circuit explained in *Kreager*, under what is known as the "American Rule," absent a specific provision of Congress, generally a litigant may not recover attorney's fees. 775 F.2d at 1542 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975)). Contrary to what Plaintiff suggests, however, the Eleventh Circuit in *Kreager* actually recognized that despite the fact that 29 U.S.C. § 216(b)—cited by Plaintiff—does not make fee awards mandatory for prevailing defendants in FLSA actions like it does for prevailing plaintiffs in FLSA actions, an exception to the American Rule lies in federal courts' "'inherent power' to assess attorney's fees . . . when a losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'"  *Id.* at 1543 (quoting *Alyeska Pipeline*, 421 U.S. at 258-59). The Eleventh Circuit then applied this "bad faith exception" to the case before it, in which the trial court had granted a fee award to the FLSA defendants. *See id.* In doing so,

the Eleventh Circuit remanded the case back to the trial court to make findings to support

the fee award it had granted. *See id.* The Eleventh Circuit explained as follows:

> In the present action, this court is presented with no findings of fact by the
> district judge and is unable to determine precisely why costs and fees were
> awarded to the *defendants* or how these amounts were determined. The
> pleadings, motions, and briefs in this case contain numerous allegations of
> bad faith and vexatiousness on the part of both parties. If accepted as true,
> there are sufficient allegations against *both parties to justify an award of
> costs and attorney's fees.* . . . [W]e remand so that the trial court can make
> reviewable findings regarding the specific acts of bad faith and vexatious
> conduct which form the basis for the award.

*Id.* (emphasis added).

Here, Defendants' Twenty-First Affirmative Defense invokes the bad faith

exception recognized in *Kreager*. At this stage, it is premature to strike the Twenty-First

Affirmative Defense as there has been no determination whether Defendants could prove

a set of facts to support a future claim for attorneys' fees due to bad faith in bringing the

claim or through conduct in the litigation. *See Gonzalez v. Spears Holdings, Inc.*, 2009

WL 2391233, at 5 (S.D. Fla. July 31, 2009) (holding the same in declining to strike the

FLSA defendants' claim for attorneys' fees as an one of its asserted affirmative

defenses). Accordingly, Defendants' Twenty-First Affirmative Defense will not be

stricken.

### III. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike, **ECF No. [14]**, is **GRANTED in part** and **DENIED
   in part**.

2. Defendants' Third Affirmative Defense is **STRICKEN**.

3. Defendants are granted leave to amend their Third Affirmative Defense. Defendants shall file an amended answer and affirmative defenses **on or before June 19, 2017**.

**DONE AND ORDERED** in Miami, Florida this 12th day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record